{¶ 28} I concur with the disposition of this case by the majority. But I reach that disposition because I agree with the trial court that "[t]he law is not going to require the commission of a vain act." The majority seems to find that delivery actually took place or that Mrs. Nosic was incompetent per the terms of the trust agreement and, therefore, delivery was not necessary.
 {¶ 29} I will explain why I disagree with the reasoning of the majority. First, the majority seems to find that the trial court concluded the trust amendment was properly delivered. While there may be sufficient evidence in the record to conclude that delivery had taken place, the trial court did not find that delivery had taken place. The trial court said: "Diana Albert testified that the trust amendment was shown by Mr. Nosic to Mrs. Nosic on July 7, 2000. There was no testimony to contradict this statement. Whether the trust amendment was shown or not shown to Mrs. Nosic is immaterial. . ." The trial court does not specifically conclude that delivery occurred. The trial court never indicates whether the testimony of Diana Albert is credible. If my decision in this matter hinged on whether delivery occurred or not, I would remand this matter to the trial court to make a determination as to whether or not delivery had occurred. Secondly, the majority finds the record supports that Mrs. Nosic was incompetent for purposes of the trust. The majority states, "The trust does not require an adjudication of incompetency, but rather permitted John to determine, after consultation with the physician and the family, Thelma had become incapacitated by illness, age or other cause. This is the trust definition of incompetency." The majority further finds that since there was evidence from appellee, the nurse's aide and Dr. Johns of Mrs. Nosic's incapacitation, then the record supports such a finding for purposes of the trust. But the trust definition of incompetency is different from what the majority discusses. Article V of the Trust under the heading "Incompetency" states that "[s]hould either of us become incapacitated . . . as determined by the Trustee after consultation with our primary care physician, one other physician, and our family." I would find that the evidence does not support a finding that Mrs. Nosic was incompetent per the terms of the trust.
 {¶ 30} Lastly, the majority states, ". . . we cannot find the trial court found delivery was not required. . ." I disagree. I would find that that is exactly what the trial court concluded when it said: "Whether the trust amendment was shown or not shown to Mrs. Nosic is immaterial because of her inability to comprehend anything of this significance. The law is not going to require a vain act." In addition, I would agree with the conclusion of the trial court under the limited and specific circumstances of this case. There is no doubt from my reading of the trust agreement that delivery of an amendment to that agreement is a precondition to the amendment's effectiveness. But delivery in this case was a vain act. The trial court finds that the evidence was sufficient and credible as to Mrs. Nosic's incapacity, when the trial court writes: "It is evident to the Court that any communication to Mrs. Nosic relating to the trust was an exercise in futility." In addition, the person who was taking care of Mrs. Nosic's affairs was Mr. Nosic, the very person who wanted to amend the trust.
 {¶ 31} In conclusion, I would find that the Probate Court did not err in determining that delivery of this trust amendment to Mrs. Nosic, the co-trustee, was not required for the trust amendment to be valid under the limited circumstances of this case.
Judge Julie A. Edwards.